UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JASON TON** | **CASE NO.  6:18-CV-01194** |
| **VERSUS** | **MAGISTRATE JUDGE PATRICK J. HANNA** |
| **A B C INSURANCE CO AND ABES BOAT RENTALS INC** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment by Abe's Boat Rentals, Inc. on the issue of the status of the plaintiff as a seaman under the Jones Act. (Rec. Doc. 33). The plaintiff opposed the motion, but when the Fifth Circuit issued its *en banc* opinion in *Sanchez v. Smart Fabricators of Texas, LLC*. 997 F.3rd 564 (5th Cir. 2021) at about the same time as the opposition was filed, the Court allowed supplemental briefing in order to discuss the impact of that case on the issue before the Court. The plaintiff complied, (Rec. Doc. 60) and the defense was allowed a sur-reply. (Rec. Doc. 63). Oral argument was held and the motion was taken under advisement. For the reasons which follow, the Court finds there are genuine issues of material fact in dispute, and therefore, the motion is DENIED.

## FACTUAL BACKGROUND

The plaintiff, Jason Ton, was employed by his father's company, Abe's Boat Rentals, Inc. (Abe's), for most of his adult life. He performed a multitude of duties

for the company in support of the fleet of vessels owned by Abe's. His job title was Port Captain at the time of the accident that is the subject of this lawsuit although he had worked as an engineer and deckhand over the course of his employment. Abe's does not contest the vessels it owned constituted a fleet for purposes of the seaman status analysis, rather, the focus of the motion is that the majority of the plaintiff's work was land based and any connection to Abe's vessels was transitory and sporadic and not of a seagoing nature. Therefore, Abe's contends, the plaintiff does not satisfy the two-pronged test that requires a connection to a fleet of vessels that is substantial in duration and in nature.

The testimony of the plaintiff succinctly summarized is that he worked almost exclusively on or in support of Abe's vessels while they were on navigable water – even if in port. His tasks included painting, repairs, maintenance on the decks and the engines, adjusting the navigational equipment, getting the vessels prepared for Coast Guard inspections, and providing supplies. He served as a deckhand and/or engineer when the crews were short- handed. He also participated in the hiring of vessel crew members.

The plaintiff's father, Abe Ton, was designated as the corporate representative under F.R.C.P 30(b)(6). He testified that the plaintiff performed every position "other than master" over his career which began in 2011. Mr. Ton testified that the plaintiff spent over 95% of his time on Abe's vessels in the water

and offshore. His job included "short loop runs" aboard the vessels that lasted perhaps half of a day for which no time records were kept as well as some 7 or 14 day hitches aboard the vessels. Of particular significance to the Court's analysis is that Abe Ton testified that the various records the defense uses in support of its motion were not well kept or adequate to accurately document the time the plaintiff spent aboard the vessels.

The defense counters that the plaintiff's job duties, based on the records, show that he spent anywhere from as much as 76 days to as little as 23 days aboard a vessel as an engineer or deckhand, i.e. as a member of the crew. This amount of time does not rise to the 30% threshold commonly used to satisfy the duration prong of the seaman status analysis. The remainder of plaintiff's job duties were basically land based, or work that was only done aboard a docked vessel, and therefore, he was not exposed to the perils of the sea and his work was not of a seagoing nature. The defense maintains the same 95% of the work plaintiff claims to have performed while employed by Abe's constitutes traditional longshore work while the vessels were dockside.

## LAW AND ANALYSIS

### I. Law Applicable to Motions for Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the

moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir.2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir.2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that

there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir.2005).

## II. The Applicable Substantive Law

The test for seaman status has evolved over the years but the only applicable issue pertinent to this motion is whether the plaintiff's connection to the fleet of vessels owned by Abe's is substantial in both its duration and nature.

With regard to the first prong, the defense contends the plaintiff only worked anywhere from 23 to 76 days over his career aboard vessels doing regular seaman's work based on time sheets produced by Abe's. In their testimony, the plaintiff and his father put that figure at 95% while contending the time records are incomplete and inaccurate. The defense contends the plaintiff's father may be conflicted since the plaintiff is his son. The defense also contends that the same duties which may be included in the 95% calculus are not seagoing in nature.

The Court finds it is clear there is a credibility determination to be made by the trier of fact. On this basis alone the motion can be denied due to the dispute over a genuine issue of material fact in that all inferences must be drawn in favor of the

plaintiff as the non-movant. The Court, however, feels constrained to address the arguments made with regard to the second prong as set forth in *Sanchez.*

The analysis of the nature of the seaman's work is set forth in the *Sanchez* case as follows:

(1) Does the worker owe his allegiance to the vessel, rather than simply to a shoreside employer?

(2) Is the work sea-based or involve seagoing activity?

(3) (a) Is the worker's assignment to a vessel limited to performance of a discrete task after which the worker's connection to the vessel ends, or

(b) Does the worker's assignment include sailing with the vessel from port to port or location to location?

As a threshold matter, the Court must draw a distinction between offshore oil and gas activities which may involve what has traditionally been considered as a vessel for Jones Act purposes, i.e., a lift boat, jack-up, etc. and a company that is in the business of supplying vessels for hire. If one simply inserts the word fleet in place of the word vessel in the *Sanchez* factors the distinction becomes quite sharp in the context of this case and the plaintiff's job duties.

The plaintiff, based on the testimony of his father and himself, served all of the vessels in the fleet in various capacities. Whether it was preparing them to be seaworthy in terms of proper and adequate documentation, crew, equipment, or maintenance, the facts suggest he was supporting the operation of the fleet on a daily basis. His work was arguably sea based or involved seagoing activity, even when he

was working shoreside, because the task of providing a seaworthy vessel, which is a non-delegable duty, is uniquely tailored to the demands required of a vessel working on the oceans and subject to the perils of the sea. From maintenance on the engines, (a stalled vessel at sea cannot simply call a tow truck), to installation and maintenance of navigational equipment, to providing an adequate crew, to maintaining the paint and watertight integrity of the entire superstructure, each task has its own importance to the fleet carrying out its mission at sea.

Based on the testimony, which this Court has not yet heard and which may be subject to credibility determinations, the plaintiff's assignment to the fleet included a myriad of tasks which once completed, simply gave rise to more tasks to be completed in order to support the operation of the fleet. Finally, it is not disputed that the plaintiff spent at least some of his time sailing with the vessels in the fleet from location to location.

## CONCLUSION

Drawing all inferences in favor of the plaintiff, as the Court must, the Court cannot conclude as a matter of law that the plaintiff is not a seaman. Therefore, the Court finds that the motion must be denied.

SIGNED this 20th day of October, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE